Lanzinger, J.,
dissenting.
{¶ 47} I respectfully dissent. In reversing the court of appeals’ judgment and remanding to the trial court, the majority continues an action in which appellant, Gene'a Griffith, seeks records for a wrongful-death claim that has already been settled. There is no real controversy between the parties, and res judicata bars the action since both the claim for production of documents and the underlying claim for malpractice are founded on the medical care provided to the decedent, Howard Griffith. I would dismiss this appeal on that basis, and I respectfully dissent from the majority’s decision to reverse the judgment of the court of appeals and remand to the trial court.
*207 {¶ 48} Although the majority reads the word “maintain” within the statute defining “medical record” to mean “keep or preserve,” by reversing the judgment in this case, the majority sidesteps the crucial argument made by appellee, Aultman Hospital, that the healthcare provider should have discretion to decide when data should be considered part of the patient’s medical record. I do agree that R.C. 3701.74(A)(8) does not require that data be stored in a particular place to qualify as medical records, but I do not agree that the Fifth District permitted the healthcare provider to define “medical record” based solely on the place where the data is stored. The appellate court affirmed the grant of summary judgment by adopting appellee’s understanding of the word “maintain”:
“[T]he only meaning that can [be] attached to it, is that the hospital record is to be that which the hospital maintains, not that which a Plaintiff in a legal malpractice case — or in a medical malpractice case thinks should be maintained, not everything having to do with the patient, but that which a hospital determines needs to be maintained by a health care provider in the process of a patient’s health care.”
2014-Ohio-1218, 2014 WL 1342988, ¶ 22.
{¶ 49} The court of appeals then simply determined that the trial court had not erred in granting summary judgment on the facts presented, namely that “the medical record consists of what was maintained by the medical records department and information that the provider decides not to maintain is not part of the medical record.” Id.
{¶ 50} The definition of “medical record” within R.C. 3701.74(A)(8) may be broken down into four components: (1) any data, regardless of its form (2) pertaining to a patient’s history, diagnosis, prognosis, or medical condition (3) generated and maintained by a healthcare provider (4) in the process of the patient’s healthcare treatment. A “health care provider” is defined in R.C. 3701.74(A)(5) as “a hospital, ambulatory care facility, long-term care facility, pharmacy, emergency care facility or health care practitioner.” And a “health care practitioner” is broadly defined in R.C. 3701.74(A)(4)(a) through (r) to cover all types of medical professionals.
{¶ 51} Appellee and amici curiae[1] detailed the current .status of recordkeeping and explained that a hospital must handle its data pursuant to all laws and regulations, including R.C. 3701.74, to which it is subject. They also have raised *208 serious practical concerns over appellant’s interpretation of the statute and the unintended consequences that would follow. The judgment of treating healthcare providers must be relied upon to determine what is (or is not) part of a patient’s medical record, those providers being best able to determine what information is relevant to a patient’s treatment. Hospitals and other providers have teams of employees dedicated to collecting and maintaining this information, and, as the amici curiae have noted, many hospitals have multidisciplinary committees that determine what information should be included in a medical record. The information in the medical record presents the relevant and necessary information that is always subject to being supplemented in the clinical judgment of the treating providers.
Tzangas Plakas Mannos, Ltd., Lee E. Plakas, and Megan J. Frantz Oldham, for appellant.
Milligan Pusateri Co., L.P.A., Richard S. Milligan, Paul J. Pusateri, and Thomas J. Himmelspach, for appellee.
Vivian Whalen Duffrin and Kathleen Tatarsky, urging reversal for amicus curiae Stark County Association for Justice.
{¶ 52} In the highly regulated area of health care, appellant’s concerns about the routine “sanitization” of medical records are overblown. The purpose of R.C. 3701.74 is to deliver medical records to patients upon request both efficiently and cost-effectively, but nothing in the statute suggests it is to be a broad discovery tool. While a medical record may include data in any form, R.C. 3701.74(A)(8) specifies that in order for data to be a part of the medical record, that data must be generated and maintained by the healthcare provider “in the process of the patient’s health care treatment.” (Emphasis added.) This language implies that it is within a hospital’s discretion, through its employees, to select, preserve, and store records relevant to the health care of a particular patient in the manner it sees fit.
{¶ 53} In my view, there are no material issues of fact in this case, even if it were appropriately before us. R.C. 3701.74(A)(8) permits a healthcare provider to exercise discretion in generating and retaining a specific set of records for a patient’s healthcare treatment. Those records were, in fact, provided to appellant. The record and subsequent filings show that appellant obtained the additional information she requested through interrogatories and that the parties have already settled their case. It is difficult to know what the trial court should do upon remand, because any order for the further production of records would have no effect. Because I do not believe there is a case or controversy before us, I would dismiss this appeal, and I therefore respectfully dissent.
*209 Willis & Willis Co., L.P.A., and Mark C. Willis, urging reversal for amici curiae Ohio Association for Justice and Summit County Association for Justice.
Nurenberg, Paris, Heller & McCarthy Co., L.P.A., Kathleen J. St. John, and David M. Paris, urging reversal for amicus curiae AARP.
Freking & Betz and Mark W. Napier, urging reversal for amicus curiae Southwest Ohio Trial Lawyers Association.
Reminger Co., L.P.A., Martin T. Galvin, and David Valent, urging affirmance for amicus curiae Academy of Medicine of Cleveland and Northern Ohio.
Squire Patton Boggs, L.L.P., Keith Shumate, and Heather Stutz, urging affirmance for amici curiae Ohio Hospital Association, Ohio State Medical Association, Ohio Osteopathic Association, and Ohio Alliance for Civil Justice.
Sean McGlone, urging affirmance for amicus curiae Ohio Hospital Association.

. The Academy of Medicine of Cleveland and Northern Ohio and the Ohio Hospital Association, the Ohio State Medical Association, the Ohio Osteopathic Association, and the Ohio Alliance for Civil Justice filed briefs in support of appellee.